9. On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, defendant **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** killed Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal.

10. On or about March 30, 2006, in Nuevo Laredo, Tamaulipas, Mexico, defendant **GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY"** burned Jorge Alfonso Aviles, a.k.a. "Poncho" and Inez Villarreal.

In violation of Title 18, United States Code, Section 956 (a)(1) ad (a)(2)(A).

## COUNT THIRTY-THREE
(Travel Act - Attempt on Julio Cesar Resendez)

On or about March 31, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

### MIGUEL TREVINO-MORALES, A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly committed and attempted to commit the crime of violence to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2) and 2.

## COUNT THIRTY-FOUR
(Use of Firearm in Drug-Trafficking Crime)

41

On or about March 31, 2006, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess and discharge at least one firearm, that is, a

    a)      7.62X39mm caliber semi-automatic assault rifle, the model and type unknown to the Grand Jury;
    b)      .40 caliber pistol, the model and type unknown to the Grand Jury; and
    c)      9mm caliber pistol, the model and type unknown to the Grand Jury,

in furtherance of a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

### COUNT THIRTY-FIVE
(Travel Act - Murder of Jesus Maria Resendez and Mariano Resendez)

On or about April 2, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
JUAN JOSE ARRIAGA-OVALLE, A.K.A. "PANTERA",
JOSE MARTINEZ, A.K.A. "PEPE",
ARMANDO GARCIA, A.K.A. "CHACHETES",
RAUL JASSO, JR., A.K.A. "RICHARD", and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and

use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly committed the crime of violence to further such unlawful activity. The crime of violence resulted in the deaths of Jesus Maria Resendez and Mariano Resendez.

In violation of Title 18, United States Code, Sections 1952(a)(2) and 2.

### COUNT THIRTY-SIX
(Use of Firearm in Drug-Trafficking Crime)

On or about April 2, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
JUAN JOSE ARRIAGA-OVALLE, A.K.A. "PANTERA",
JOSE MARTINEZ, A.K.A. "PEPE",
ARMANDO GARCIA, A.K.A. "CHACHETES",
RAUL JASSO, JR., A.K.A. "RICHARD", and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

aiding and abetting each other, did knowingly and intentionally possess at least one firearm, that is:

    a)    a 7.62X39mm caliber, semi-automatic assault rifle, the model and type unknown to the Grand Jury; and

    b)    a 9mm caliber pistol, the model and type unknown to the Grand Jury,

in furtherance of a crime of violence which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), and

2.

## COUNT THIRTY-SEVEN
(Travel Act - Promoting Unlawful Activity)

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO", and
FNU LNU, A.K.A. "CHINO",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly performed an act to promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, that is, procure a Glock, .40 caliber, semi-automatic pistol, and a Berretta 9mm caliber, semi-automatic pistol,

In violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

## COUNT THIRTY-EIGHT
(Travel Act - Attempt on Marco Antonio Flores, a.k.a. "Mackie")

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD", and**

**JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly attempted to commit the crime of violence to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2) and 2.

### COUNT THIRTY-NINE
(Travel Act - Attempt on Michael David Lopez)

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD", and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly attempted to commit the crime of violence to further such

unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2) and 2.

## COUNT FORTY
(Use of Juvenile to Commit Violent Crime)

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD",
ROBERTO CAMACHO, and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

persons who were eighteen (18) years of age and older, aiding and abetting each other, did knowingly and intentionally use a minor, that is, **JUVENILE #3**, to commit a crime of violence for which such person may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1952(a)(2) as charged in Counts Thirty-Eight and Thirty-Nine of the Indictment,

In violation of Title 18, United States Code, Sections 25 and 2.

## COUNT FORTY-ONE
(Use of Firearm in Drug-Trafficking Crime)

On or about April 8, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD",
ιͺROBERTO CAMACHO, and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

46

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally:

a) carry and use a firearm, the model and type unknown to the Grand Jury, during and in relation to; and

b) possess a firearm, the model and type unknown to the Grand Jury, in furtherance of,

a drug trafficking crime which may be prosecuted in a court of the United States, that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as alleged in Count One of the Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), and 2.

## COUNT FORTY-TWO
(Possession with Intent to Distribute Cocaine)

On or about April 10, 2006, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
GUSTAVO FABIAN CHAPA, and
ROBERTO CAMACHO,**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a controlled substance. This offense involved a quantity of less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)© and Title 18, United States Code, Section 2.

## COUNT FORTY-THREE
(Travel Act - Attempt on FNU LNU, A.K.A. "Checo")

47

On or about April 11, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD",
ROBERTO CAMACHO, and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did travel in foreign commerce, that is, to and from the United States and to and from Mexico, and use a facility in interstate and foreign commerce, that is, a cellular telephone, with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances in violation to Title 21, United States Code, Sections 841(a)(1) and 846, and thereafter intentionally and knowingly attempted to commit the crime of violence to further such unlawful activity.

In violation of Title 18, United States Code, Sections 1952(a)(2) and 2.

### COUNT FORTY-FOUR
(Use of Juvenile to Commit Violent Crime)

On or about April 11, 2006, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY",
RAUL JASSO, JR., A.K.A. "RICHARD",
ROBERTO CAMACHO, and
JUAN ADOLFO RAMOS, A.K.A. "CORDLESS", A.K.A. "KARATE",**

persons who were eighteen (18) years of age and older, aiding and abetting each other, did knowingly

and intentionally use a minor, that is, **JUVENILE #3**, to commit a crime of violence for which such person may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1952(a)(2) as charged in Count Forty-Three of the Indictment,

In violation of Title 18, United States Code, Sections 25 and 2.

## COUNT FORTY-FIVE
(Possession with Intent to Distribute Cocaine)

On or about August 11, 2007, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a controlled substance. This offense involved a quantity of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT FORTY-SIX
(Possession with Intent to Distribute Cocaine)

On or about August 13, 2007, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute a controlled substance. This offense

involved a quantity of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance,

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT FORTY-SEVEN
(Money Laundering)

On or about February 8, 2008, in the Southern District of Texas, and within the jurisdiction of the Court, Defendants,

**MIGUEL TREVINO-MORALES, A.K.A. "40",
A.K.A. "MIKE", A.K.A. "CUARENTA",**

and other co-conspirators, known and unknown to the Grand Jury, aiding and abetting each other, did knowingly and willfully transport and transfer, and attempt to transport and transfer monetary instruments and funds, that is, Eight Hundred Seventy Thousand, Five Hundred Thirty-Five Dollars in U. S. Currency ($870,535.00), from a place in the United States, that is Dallas, Texas, to a place outside the United States, that is, Nuevo Laredo, Tamaulipas, Mexico, with the intent to promote the carrying on of a specified unlawful activity, that is, the sale and distribution of controlled substances,

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and Section 2.

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of the violations charged in Counts One, Twenty, Twenty-Two, Forty-Two, Forty-Five and Forty-Six of the Indictment and pursuant to Title 18, United States Code, Section 982, as a result of the commission of the violation charged in Counts Two and Forty-Seven of the Indictment, notice is

given that the defendants,

**MIGUEL ANGEL TREVINO-MORALES,
A.K.A. "40", A.K.A. "MIKE", A.K.A. "CUARENTA",
OMAR TREVINO-MORALES, A.K.A. "42",
IVAN CABALLERO-VELASQUEZ, A.K.A. "TALIVAN", A.K.A. "50",
REYMUNDO REYES, A.K.A. "COMANDANTE MUNDO",
LUCIO VELEZ-QUINTERO, A.K.A. "EL VIEJON",
GABRIEL CARDONA-RAMIREZ, A.K.A. "PELON", A.K.A. "GABY", and
JESUS GONZALEZ, III., A.K.A. "JESSE", A.K.A. "JESMAK",**

shall forfeit to the United States of America–

(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of the offense charged in Counts One, Twenty, Twenty-Two, Forty-Two, Forty-Five and Forty-Six;

(2) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Counts One, Twenty, Twenty-Two, Forty-Two, Forty-Five and Forty-Six; and

(3) all property, real and personal, involved in the offense charged in Counts Two and Forty-Seven, and all property traceable to such property,

including, but not limited to, the following property:

a money judgment in the amount of ten million dollars ($10,000,000).

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of any of the defendants:

(1)   cannot be located upon exercise of due diligence;

(2)   has been placed beyond the jurisdiction of the Court;

(3)   has been transferred or sold to, or deposited with a third party;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the

| LAREDO | DIVISION | **CRIMINAL DOCKET** | |
|---|---|---|---|
| FILE: INDICTMENT | Filed: MAR 0 4 2008 | Judge: | |

ATTORNEYS:

UNITED STATES OF AMERICA
VS.

DONALD J. DeGABRIELLE JR., USA
JOSÉ ÁNGEL MORENO, AUSA

Appt'd   Private

MIGUEL ANGEL TREVINO-MORALES,
   A.K.A. "40", A.K.A. "MIKE",
   A.K.A. "CUARENTA",
OMAR TREVINO-MORALES, A.K.A. "42",
IVAN CABALLERO-VELASQUEZ,
   A.K.A. "TALIVAN", A.K.A. "50",
REYMUNDO REYES,
   A.K.A. COMANDANTE MUNDO",
ERNESTO CARERON-VASQUEZ, A.K.A. "NUNE",
ERNESTO ALEJANDRO-ESTRADA,
   A.K.A. "PEPE",
LUCIO VELEZ-QUINTERO,
   A.K.A. "EL VIEJON",
GABRIEL CARDONA-RAMIREZ,
   A.K.A. PELON", A.K.A. "GABY",
JESUS GONZALEZ, III,
   A.K.A. "JESSE", A.K.A. "JESMAK",
WENCESLADO TOVAR, JR., A.K.A. WENCY",
ERIC IVAN MARTINEZ, A.K.A. "47",
RICHARD GUERRERO,
FNU LNU, A.K.A. "THE MARINE",
ROBERTO CAMACHO,
JUAN ANTONIO CARREON-VASQUEZ,
   A.K.A. "CAMARON",
FNU LNU, A.K.A. "FLAMA",
FNU LNU, A.K.A. "PALENCIA",
JUAN CARLOS SANCHEZ-GAYTAN,
   A.K.A. "CHAPARRO",
EDUARDO CARREON-IBARRA, A.K.A. "NEGRO",
RENE GARCIA, A.K.A. "RANA",
ANDRES ALFREDO HERNANDEZ,
JAIME MIGUEL DIAZ DE LEON,
   A.K.A. "MICHAEL",
FNU LNU, A.K.A. "CHINO",
ARMANDO GARCIA, A.K.A. "CACHETES",
RAUL JASSO, JR., A.K.A. "RICHARD",
JUAN JOSE ARRIAGA-OVALLE,
   A.K.A. "PANTERA",
JUAN ADOLFO RAMOS,
   A.K.A. "CORDLESS", A.K.A. "KARATE",
JOSE MARTINEZ, A.K.A. "PEPE",
GUSTAVO FABIAN CHAPA,
GABRIEL ORTIZ,
PAULA PAOLA PAREDES,
AURORA DEL BOSQUE

MA

```
CHARGE:        Ct. 1:  Conspiracy to possess with intent to distribute a quantity
(TOTAL)                in excess of 1,000 kilograms of marihuana and cocaine
COUNTS:)               [21 USC 846, 841(a)(1), & 841(b)(1)(A)]
(48)           Ct 2:   Laundering of Monetary Instruments    [18 USC 1956(h)]
Ct. 3:                 Solicitation to Commit a Crime of Violence   [18 USC 373]
Ct. 4:                 Kidnapping [18 USC 1201(a)(1) & 1201(c)]
Cts 5, 13:             Accessory After the Fact [18 USC 3]
Ct. 6:                 Carrying or using a firearm during and in Relation to a Drug Crime or a crime of
                       violence or possessing a firearm in furtherance of a drug trafficking crime or crime
                       of violence
                       [18 U.S.C. 924(c)(1)(A)(iii), 924(c)(1)(B)(ii)& 924(o)]
Ct. 7:                 Carrying or using a firearm during and in Relation to a Drug Crime or a crime of
                       violence or possessing a firearm in furtherance of a drug trafficking crime or crime
                       of violence
                       [18 U.S.C. 924(c)(1)(A)(iii), 924(c)(1)(B)(ii)& 18 USC 2]
Ct. 36:                Carrying or using a firearm during and in Relation to a Drug Crime or a crime of
                       violence or possessing a firearm in furtherance of a drug trafficking crime or crime
                       of violence
                       [18 U.S.C. 924(c)(1)(A)(iii), 924(c)(1)(B)(ii)& 18 USC 2]
Cts. 8,14, 24, 28, 33, 38, 39, 43:
                       Interstate and foreign travel or transportation in aid of racketerring enterprises [18
                       USC 1952(a)(2) & 2]
Cts.10, 17, 31, 35:
                       Interstate and foreign travel or transportation in aid of racketerring enterprises [18
                       USC 1952(a)(2) & 2]
Cts 9, 16, 29:
                       Carrying or using a firearm during and in Relation to a Drug Crime or a crime of
                       violence or possessing a firearm in furtherance of a drug trafficking crime or crime
                       of violence
                       [18 U.S.C. 924(c)(1)(A)(iii),& 2]
Cts 12, 19, 34:
                       Carrying or using a firearm during and in Relation to a Drug Crime or a crime of
                       violence or possessing a firearm in furtherance of a drug trafficking crime or crime
                       of violence
                       [18 U.S.C. 924(c)(1)(A)(iii),& 2]
Cts 21:                Carrying or using a firearm during and in Relation to a Drug Crime or a crime of
                       violence or possessing a firearm in furtherance of a drug trafficking crime or crime
                       of violence
                       [18 U.S.C. 924(c)(1)(A)(iii),& 2]
Cts 11, 15, 25,40, 44:
                       Use of Minors in a crime of violence [18 USC 25 & 2]
Ct. 18:                Use of Minors in a crime of violence [18 USC 25 & 2]
Ct. 20:                Possess with intent to distribute Marihuana in excess of 100 Kilos of Marihuana
                       [21 USC 841(a)(1), 841(b)(1)(B) & 18 USC 2]
Cts 22, 45, 46:
                       Possess with intent to distribute Marihuana in excess of 1000 Kilos of Marihuana
                       [21 USC 841(a)(1), 841(b)(1)(A) & 18 USC 2]
Cts. 23,41:            Carrying or using a firearm during and in Relation to a Drug Crime or a crime of
                       violence or possessing a firearm in furtherance of a drug trafficking crime or crime
                       of violence [18 USC 924(c)(1)(A)(i)& 2]
Ct. 26                 Carrying or using a firearm during and in Relation to a Drug Crime or a crime of
                       violence or possessing a firearm in furtherance of a drug trafficking crime or crime
                       of violence [18 USC 924(c)(1)(A)(i), 924(c)(1)(B)(ii) & 2]
Ct. 27, 30, 37:
                       Interstate and foreign travel or transportation in aid of racketerring enterprises
                       [18 USC 1952(a)(3) & 2]
Ct.32:                 Conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign
                       country [18 USC 956(a)(1), (a)(2)(A) & 2]
Ct 42:                 Possess with intent to distribute Cocaine in excess of 50 Kilos
                       [21 USC 841(a)(1), 841(b)(1)(C) & 18 USC 2]
Ct. 47:                Money Laundering [18 USC 1956 (a)(2)(A)& 2]
Ct. 48:                Criminal Forfeiture [21 USC 853]
```

**PENALTY:**

| | |
|---|---|
| Ct 1: | 10 Yrs. To Life And/or $4 Million, $100 Spec Assessment<br>4 Yrs Term of Supervised Release |
| Ct. 2: | Maximum of 20 Yrs and a Fine of Not More than $500,000 or Twice the Value Of the Property Involved in the Transaction, Whichever Is Greater |
| Ct 3: | ½ the Sentence and ½ the Fine, but If Underlying Offense Is Punishable by Life or Death Then a Maximum of 20 Years |
| Ct 4: | Any Term of Years or for Life and If the Death of Any Person Results, Shall Be Punished by Death or Life Imprisonment |
| Cts 5, 13: | ½ the Sentence and ½ the Fine, but If Underlying Offense Is Punishable by Life or Death Then a Maximum of 15 Years<br>5 Yrs Term of Supervised Release |
| Ct. 6: | Life Sentence, $100 Spec Assessment<br>Imposition of a Term of Supervised Release Is Governed by the Provisions of §5d1.1 |
| Ct. 7: | 30 Yrs to Life, $100 Spec Assessment<br>Imposition of a Term of Supervised Release Is Governed by the Provisions of §5d1.1 1. |
| Ct. 36: | 10 Yrs to Life, $100 Spec Assessment<br>Imposition of a Term of Supervised Release Is Governed by the Provisions of §5d1.1 |
| Cts 8,14, 24, 28, 33, 38, 39, 43; | a Maximum of 20 Years for a Crime of Violence, but If Death Results, a Maximum of Life<br>Imposition of a Term of Supervised Release Is Governed by the Provisions of §5d1.1 |
| Cts. 10, 17, 31, 35: | Maximum of 20 Years, Not More than $250,000, $100 Spec Assessment<br>4 Yrs Min, 5 Yrs Max Term of Supervised Release |
| Cts. 9, 16, 29: | 10 Yrs to Life And/or $4 Million, $100 Spec Assessment<br>Imposition of a Term of Supervised Release Is Governed by the Provisions of §5d1.1 |
| Cts 12, 19, 34: | Life Term And/or $4 Million, $100 Spec Assessment<br>5 Yrs Max Term of Supervised Released |
| Ct 21: | 5 to Life. And/or $4 Million, $100 Spec Assessment<br>4 Yrs Min, 5 Yrs Max Term of Supervised Release |
| Cts 11, 15, 25, 40, 44: | 40 Yrs. And/or $4 Million, $100 Spec Assessment Ea Ct<br>5 Yrs Term of Supervised Release for Each Ct. |
| Ct. 18: | Life Term And/or $4 Million, $100 Spec Assessment<br>5 Yrs Max Term of Supervised Released |
| Ct. 20: | 5 to 40 Yrs. And/or $2 Million, $100 Spec Assessment for Ea Ct.<br>4 Yrs Min, 5 Yrs Max Term of Supervised Release for Each Ct. |
| Cts 22, 45, 46: | 10 Yrs to Life And/or $4 Million, $100 Spec Assessment<br>5 Yrs Term of Supervised Release |
| Cts. 23, 41: | 5 to Life. And/or $4 Million, $100 Spec Assessment<br>4 Yrs Min, 5 Yrs Max Term of Supervised Release |
| Ct. 26: | 30 Yrs. To Life And/or $4 Million, $100 Spec Assessment Ea Ct<br>5 Yrs Term of Supervised Release for Each Ct. |
| Cts. 27, 30, 37: | 5 Yrs. And/or $250,000.00, $100 Spec Assessment for Ea Ct<br>2 Yrs Min, 3 Yrs Max Term of Supervised Release for Each Ct. |
| Ct. 32: | Life Term And/or $4 Million, $100 Spec Assessment<br>5 Yrs Max Term of Supervised Released |
| Ct. 42: | 0 to 20 Yrs. And/or $2 Million, $100 Spec Assessment for Ea Ct<br>3 Yrs Max Term of Supervised Release for Each Ct. |
| Ct. 47: | 10 Yrs. and/or $2 Million, $100 Spec Assessment<br>5 Yrs Term of Supervised Release |

In Jail:                                                       NAME & ADDRESS